IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| THOMAS NOON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 20-CV-06124-SRB |
| CITY OF PLATTE WOODS, MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendant City of Platte Woods, Missouri's ("the City") Motion for Partial Judgment on the Pleadings as to Count II of Plaintiffs' Complaint. (Doc. #13.) For the reasons stated below, the motion is denied without prejudice.

The City seeks dismissal of Count II, which alleges that Plaintiff Thomas Noon ("Noon") suffered an unlawful retaliatory discharge in violation of the Missouri Worker's Compensation Act ("MWCA"), Mo. Rev. Stat. §§ 287.010 *et. seq*. Plaintiffs oppose the motion, arguing the MWCA waives sovereign immunity for municipal entities in employment discrimination claims. Plaintiffs additionally contend that the City's liability insurance policy operates as a waiver of sovereign immunity. Plaintiffs do not dispute, however, that the complaint lacks any factual allegations regarding the City's waiver of sovereign immunity. *See, e.g.*, *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo. App. E.D. 2009) (citation omitted) ("[T]o state a cause of action sufficient to survive a motion to dismiss on the pleadings, the petition, when viewed in its most favorable light, must plead facts, which if taken as true, establish an exception to the rule of sovereign immunity."); *accord Bumbales v. City of Vandalia*, No. 18-CV-13, 2018 WL 3575084, at *4 (E.D. Mo. July 25, 2018) (citation omitted) ("A public entity only waives sovereign immunity

through the purchase of liability insurance to the extent of or for the specific purposes covered by the insurance purchased. Plaintiffs must allege not only the existence of liability insurance but also that the insurance covers the claims asserted.").

In their response to the City's instant motion, Plaintiffs request that, should the Court find Plaintiffs' complaint deficient, they be given leave to amend the complaint "solely for the purpose of alleging that the City waived sovereign immunity." (Doc. #24, p. 7.) The Court construes Plaintiffs' request as a motion for leave to amend arising under Federal Rule of Civil Procedure 15(a). While Plaintiffs' motion for leave to amend is not sought in compliance with Local Rule 15.1(a), the request is timely pursuant to the parties' Scheduling Order, which requires that any motion to amend the pleadings be filed on or before October 30, 2020. (Doc. #17.) Since Rule 15(a) should be liberally construed to achieve justice, and because the Court finds no apparent risk of undue prejudice to the City nor evidence of bad faith or futility, Plaintiffs' request for leave to file an amended complaint solely for the purpose of alleging that the City waived sovereign immunity is granted. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave where justice so requires."). In turn, the City's motion for judgment on the pleadings is denied without prejudice. Should Plaintiffs fail to file their amended complaint as directed or if the amended complaint remains deficient, the City may reassert its motion and the arguments therein.

Accordingly, it is **ORDERED** that the City's Motion for Partial Judgment on the Pleadings as to Count II of Plaintiffs' Complaint (Doc. #13) is **DENIED WITHOUT PREJUDICE**. Plaintiffs are directed to file an amended complaint on or before November 6, 2020.

**IT IS SO ORDERED.**

DATE: October 29, 2020

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT