## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| THOMAS NOON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-06124-SRB |
| | ) | |
| CITY OF PLATTE WOODS, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants City of Platte Woods, Missouri's, Mayor John Smedley's, and Chief of Police Jim Kerns' (collectively, "Defendants") proposed Bill of Costs. (Doc. #87.) For the reasons stated below, Defendants' proposed Bill of Costs is GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

This lawsuit arises out of the termination of Plaintiffs Thomas Noon, Christopher Skidmore, and Candice Skidmore (collectively, "Plaintiffs") employment with the Platte Woods Police Department ("PWPD"). Plaintiffs sued Defendants in the Circuit Court of Platte County, Missouri. The state court petition asserted claims against each defendant for retaliatory discharge under Missouri's Whistleblower Protection Act, Mo. Rev. Stat. § 285.575 ("Count I"), retaliatory discharge in violation of the Missouri's Worker's Compensation Act, Mo. Rev. Stat. § 287.010, et seq. ("Count II"), and First Amendment retaliation under 42 U.S.C. § 1983 ("Count III"). On August 19, 2020, Defendants removed this case to federal court, asserting that the Court has federal question jurisdiction over Count III and supplemental jurisdiction over Count I and Count II.

On November 6, 2020, Plaintiffs filed an Amended Complaint which retained the same causes of action against Defendants as the original state court petition. Defendants moved for summary judgment on all counts. The Court granted Defendants' motion for summary judgment to the extent that Count III was dismissed and the remaining claims were remanded to state court. (Doc. #85.) The Court entered its final judgment on August 18, 2021. (Doc. #86.)

Defendants timely filed their proposed Bill of Costs on September 7, 2021, seeking an award of $7,744.18. (Doc. #87.) Plaintiffs filed their opposition and objections to Defendants' proposed Bill of Costs on September 21, 2021, asking the Court to deny Defendants' requested costs in their entirety or, in the alternative, award a reduced amount. (Doc. #90.) On September 28, 2021, Defendants filed a reply brief in support of its proposed Bill of Costs. (Doc. #91.) The matter is now for ruling. The Court addresses the parties' arguments below.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides, in part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "The costs that may be awarded to prevailing parties in lawsuits brought in federal court are set forth in 28 U.S.C. § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562 (2012). "Under 28 U.S.C. § 1920, the judge or court clerk 'may tax as costs' fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002).

Despite the presumption that a prevailing party is entitled to costs, the district court "has substantial discretion in awarding costs to a prevailing party." *Richmond v. Southwire Co.*, 980

F.2d 518, 520 (8th Cir. 1992). Consequently, "[a]n award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved." *Id*; *see also Greaser v. State Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442 (1987)) (noting Rule 54(d) is permissive and "grants a federal court discretion to refuse to tax costs in favor of the prevailing party"). While a court has discretion in determining and awarding costs, its discretion cannot be used to compensate for costs that are not included in the statute. *See Brisco-Wade*, 297 F.3d at 782–83.

### III. DISCUSSION

Defendants assert that, as the prevailing party in this action, they are entitled to costs in the amount of $7,744.18. Specifically, Defendants seek: (1) $400.00 in clerk fees; (2) $108.00 in service of subpoena fees; (3) $7,031.55 in fees for transcripts necessarily obtained for use in the case; (4) $67.50 in printing fees; and (5) $137.13 in witnesses fees. Plaintiffs contend that Defendants' claim is improper, particularly since the case will continue in state court on the surviving state law claims. Plaintiffs urge the Court to deny Defendants' request in its entirety or, in the alternative, award a reduced amount.

#### A. Prevailing Party

As an initial matter, Plaintiffs contend that because the Defendants did not prevail on all claims in this suit they are not the prevailing party and are not entitled to recover under Rule 54(d). The Court granted summary judgment to Defendants on Plaintiffs' § 1983 claim and declined to exercise supplemental jurisdiction over the remaining state law claims. The Eighth Circuit has determined that "[a] defendant qualifies as a 'prevailing party' under Rule 54(d) when the district court dismissed the plaintiff's federal claims and declines to exercise supplemental jurisdiction

over the plaintiff's remaining state law claims." *Thompson v. Kanabec Cty.*, 958 F.3d 698, 709 (8th Cir. 2020) (citations omitted). Accordingly, Defendants are the prevailing party within the meaning of Rule 54(d) and, as such, are presumed to be entitled to an award of costs.

### B. No Previous Mention of Costs

Plaintiffs argue that because the Court did not mention an award of costs to Defendants in its Summary Judgment Order (Doc. #85) or its August 18, 2021, Judgment (Doc. #86), Defendants are not entitled to such award. As Defendants point out, this fact is irrelevant to the Court's ability to award costs. The Court awards costs after the judgment has been entered. Fed. R. Civ. P. 54(d); Local Rule 54.1(a)(1). Plaintiffs' objection is overruled.

### C. State Claims

Plaintiffs request that the Court refrain from taxing costs while their remaining state claims are pending in state court. In their proposed Bill of Costs, Defendants do acknowledge this may be proper: "Defendants understand a decision on costs may not be appropriate until the remanded-state court claims are fully resolved and disposed." (Doc. #87, p. 3.) However, in their reply brief, Defendants argue that because they are the prevailing party, they are presumed to be entitled to costs and Plaintiffs have not rebutted that presumption. While this case will continue to be litigated in state court, Defendants are still considered the prevailing party under Rule 54(d) and are thus entitled to an award of recoverable costs. *See Thompson*, 958 F.3d at 709.

### D. Apportionment

Plaintiffs argue that if an award of costs is given, "[a]t most, Defendants should only be awarded one-third of their costs because they have only avoided summary judgment on one of the three counts" brought by Plaintiffs. (Doc. #90, p. 2.) Defendants contend that apportionment is not appropriate because all costs incurred were necessary for both the federal and state claims.

"Section 1920 is phrased permissibly because R.54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford v. Gibbons*, 482 U.S. 437, 442 (1987). "There is no rule requiring courts to apportion costs according to the relative success of the parties." *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (8th Cir. 2006). "[A]pportioning costs according to the relative success of the parties is appropriate . . . under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained." *Id*. (citations omitted). The Court finds that this instance is one limited circumstance where apportioning costs is appropriate. The two remaining state claims continue to be litigated and appear to have merit. All costs Defendants necessarily incurred to defend these claims in federal court will likewise aid in the defense of these claims in state court. Defendants would have an opportunity to recoup these costs in state court if they prevail on the remaining claims. *See* Mo. Sup. Ct. R. 77.01. Due to Defendants' partial success, the Court exercises its discretion to refuse costs by granting Plaintiffs' objection and apportioning Defendants' costs. Because two-thirds of Defendants' claims remain in state court, Defendants are awarded one-third of their proposed Bill of Costs.

### E. Purely Investigative

Plaintiffs object to the inclusion of the deposition fee ($1,215.75) and witness fee ($42.80) for Defendants' witness Robert Cutler as improper. Plaintiffs object to the deposition fee because Mr. Cutler's deposition was not "necessarily obtained for use in the case" and was "purely investigative." Plaintiffs contend that Mr. Cutler's testimony was not "crucial to the issues decided and the expenditures were [not] necessary to the litigation." Plaintiffs argue that Defendants should not be able to obtain such costs because "Defendants did not include Mr. Cutler's deposition

transcript as an exhibit in support of its motion, and therefore it was apparently only 'investigative[.]'" (Doc. #90, p. 4.)

A district court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Transcript fees and other costs related to depositions may be awarded if the deposition was "necessarily obtained for use in a case and was not purely investigative." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (citations and quotation marks omitted); *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015) (cleaned up) ("We continue to find good reason to allow recovery of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript was necessarily obtained for use in the case."). "The relevant question is not whether the depositions were used at trial, but 'whether the depositions reasonably seemed necessary at the time they were taken.'" *Kirk v. Schaeffler Grp. USA, Inc.*, No. 13-CV-5032-DGK, 2016 WL 6023696, at *3 (W.D. Mo. July 26, 2016) (quoting *Zotos*, 121 F.3d at 363).

Based upon the summary judgment briefing and a review of the parties' arguments, the Court finds Defendants' proposed costs relating the Mr. Cutler's deposition and testimony are recoverable under U.S.C. § 1920. Defendants state that Mr. Cutler's actions, presumably his interference with the PWPD's operations, were the catalyst for the suit and that his testimony was vital to their case. The Court overrules Plaintiffs' objections regarding the necessity of the claimed costs and finds that the incurred fees were not taken for purely investigative reasons. *See Zotos*, 121 F.3d at 363 ("[T]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.").

6

**F. Clerk Fees**

Defendants seek an award of $400.00 for clerk fees. Plaintiffs do not object to this request. The Court finds these costs are recoverable under 28 U.S.C. § 1920(1) and that Defendants are entitled to recover the $400.00 in clerk fees.

**G. Subpoena Service Fees**

Defendants seek an award of $108.00 for service of subpoenas, which were all incurred using a private process service company. However, 28 U.S.C. § 1920 does not provide for the recovery of costs for fees incurred in using a private process service company. As such Defendants are not entitled to recover these costs.

**H. Deposition Fees**

Defendants also seek an award of $7,031.55 for deposition-related fees and expenses. Plaintiffs object to the inclusion of the video fees related to the depositions of Plaintiffs Christopher Skidmore ($500) and Thomas Noon ($1,300) because a stenographic transcript would have been less expensive than a videotaped transcript. In their reply, Defendants contend that this objection is unnecessary, as Defendants have already subtracted these fees from the costs requested. Consequently, Defendants are entitled to an award of $7,031.55 in deposition fees.

**I. Printing Fees**

Defendants seek an award of $67.50 for printing fees. Plaintiffs do not object to this request. The Court agrees and finds that Defendants are entitled to recover $67.50 in printing fees under 28 U.S.C. § 1920(3).

**J. Witness Fees**

Defendants seek an award of $137.13 in witness fees. Plaintiffs' objection to the witness fees of Mr. Cutler is addressed and overruled above. Plaintiffs do not further object to the request,

and the Court agrees such costs are recoverable.  The Court finds that Defendants are entitled to recover $137.13 in witness fees under 28 U.S.C. § 1920(3).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' proposed Bill of Costs (Doc. #87) is **GRANTED IN PART** and **DENIED IN PART**. The Bill of Costs is granted insofar as Defendants are awarded, accounting for apportionment, $2,545.40 in costs.  The Bill of Costs is denied insofar as Defendant is not entitled to recover the $108.00 for subpoena service.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
DATE: September 29, 2021            UNITED STATES DISTRICT COURT